764 So.2d 345 (2000)
In re Robert L. BICKHAM, et al.
v.
METROPOLITAN LIFE INSURANCE CO., et al.
No. 99 CW 1525R.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
Donald A. Hoffman, Joshua L. Rubenstein, New Orleans, Counsel for Relators/Defendants, Asten, Inc. and Scapa Dryers, Inc.
Walter P. Reed, Shawn Pedersen-Reed, Covington, Counsel for Respondents/Plaintiffs, Robert Lee Bickham, et al.
D. Douglas Howard, New Orleans, Counsel for Respondents/Plaintiffs, Robert Lee Bickham, et al.
Stephen B. Murray, New Orleans, Counsel for Respondents/Plaintiffs, Robert Lee Bickham, et al.
Before: LeBLANC, PETTIGREW and KLINE[1], JJ.
LeBLANC, J.
In this writ[2], we must evaluate the correctness of a trial court's grant of a partial new trial on the issue of damages only.
This action was originally filed as a class action in October, 1993. It was subsequently *346 amended to a consolidated case involving more than 1000 plaintiffs, present and former employees of the paper mill in Bogalusa, Louisiana, and their spouses and children, against approximately fifty named defendants, seeking recovery for injuries allegedly resulting from exposure to asbestos. After extensive discovery spanning over five years, the first trial flight of five plaintiffs[3] proceeded to trial against three defendants, Asten, Inc., Scapa Dryers, Inc. and Beloit Corporation. After a nine week trial, pursuant to a unanimous jury verdict, the trial court rendered judgment on March 22, 1999, in favor of the defendants and dismissing all five plaintiffs' claims with prejudice. The jury verdict for each plaintiff reads as follows:
1. Do you find, by a preponderance of the evidence, that [plaintiff] was occupationally exposed to asbestos released from a product manufactured, distributed or supplied by the following defendants?
Asten, Inc. YES X NO 
Beloit Corporation YES NO X 
Scapa Dryers, Inc. YES X NO 
(If your answer to question no. 1 is "NO" proceed no further. If your answer is "YES", proceed to the next question.)
2. Do you find that it has been proven by a preponderance of the evidence that [plaintiff] sustained an asbestos related injury as the result of occupational exposure to asbestos?
 YES NO X 
3. Do you find that it has been proven by a preponderance of the evidence that [plaintiff] has a real and credible fear of cancer as the result of occupational exposure to asbestos?
 YES NO X 
(If your answer to questions 2 and 3 was "NO" proceed no further. If your answer was "YES" to either 2 or 3, proceed to the next question.)
Accordingly, the jury proceeded no further. The verdict clearly finds that the plaintiffs were exposed to asbestos-containing products attributed to Asten, Inc. and Scapa Dryers, Inc., realtors/defendants, and Beloit Inc. was exonerated from fault. Equally clear is the jury's finding that the plaintiffs had not sustained any asbestos related injury as a result of that exposure. Accordingly, a judgment was rendered adopting the jury's verdict and dismissing plaintiffs' claims.
The plaintiffs filed a motion for judgment notwithstanding the verdict and a motion for new trial, contending the judgment rendered was contrary to the law and evidence and would result in "a miscarriage of justice based on the totality of the circumstances."[4] The trial court granted a new trial limited to "the issue of damages alone." (A copy of said judgment is attached hereto as Exhibit A.)
The defendants filed an application for supervisory writs seeking to overturn the granting of a new trial on the issue of damages. Plaintiffs did not seek review of the denial of the new trial on the issue of causation.
*347 Faced with defendants' argument that the trial court erred as a matter of law in granting a new trial on the issue of damages only when the jury clearly found no injury resulted from the exposure, plaintiffs assert, almost incredulously, that the trial court's ordering a partial new trial on the issue of damages "naturally encompasses the issue of causation," and by limiting the new trial to the issue of damages, the trial court "properly exercised its power to define and limit the scope of a new trial." No one in this litigation contests the trial court's authority to limit the scope of a new trial, provided it comports with the jury verdict. Plaintiffs cite no support for their supposition that the issue of damages "naturally encompasses the issue of causation", nor will plaintiffs find any support for such a statement, which flies in the face of a jury interrogatory finding no causation, and which runs afoul of La. C.C. art. 2315 and the duty-risk analysis that interprets and defines it. Accepting plaintiffs' argument would be tantamount to permitting a cause of action for damages based on exposure to asbestos alone, and eliminating causation entirely from the analysis.
Plaintiffs further assert that it is "abundantly clear that the new trial on damages will include only those damages which were caused by occupational exposure to asbestos." However, the jury has already concluded that there were NO damages caused by the occupational exposure to asbestos. Thus, it is abundantly clear to us that the trial court committed legal error in granting a new trial on the issue of damages alone when the jury had already found no exposure-related injury had resulted. Accordingly, the judgment granting a partial new trial on the issue of damages is hereby reversed; this matter is remanded to the district court for further proceedings consistent herewith. Plaintiffs are assessed costs of this writ application.
WRIT MADE PEREMPTORY; JUDGMENT GRANTING NEW TRIAL ON ISSUE OF DAMAGES REVERSED.
*348
 EXHIBIT A
22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF WASHINGTON
 STATE OF LOUISIANA
NO. 70,760 DIVISION "E"
C/W 72,154
C/W 72,986
 ROBERT EARL LEE BICKHAM, ET AL
 VERSUS
 METROPOLITAN LIFE INSURANCE COMPANY, ET AL
FILED: 
 __________________ ___________________________
 DEPUTY CLERK
 JUDGMENT
 This cause came for hearing on the 21st day of April, 1999. After reviewing the pleadings and
hearing the argument of counsel, the court rules as follows:
 IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Judgment
Notwithstanding the Verdict is DENIED.
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for
New Trial is GRANTED as to defendants, Asten, Inc. and Scapa Dryers, Inc., on the issue of
damages alone. The Motion for New Trial is DENIED as to defendant, Beloit Corporation.
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the wrongful death action
of Leonard Walters is reserved for future proceedings.
 Franklinton, Louisiana, this 21 day of May, 1999.
 
 __________________________
 HONORABLE THOMAS W. TANNER
 A True Copy of Original
 This May 21 1999
 
 ___________________________
 Dy. Clerk of Court.
NOTES
[1] Retired Judge William F. Kline, Jr. serving by order of the Louisiana Supreme Court.
[2] This matter originated in this court as an application for supervisory writs filed by realtors/defendants, Asten, Inc. and Scapa Dryers, Inc. That application was denied, in a 3-2 decision by this court on October 26, 1999. In Re: Robert L. Bickham, et al., 99 CW 1525. Relators then applied for writs with the Supreme Court and on February 4, 2000, writs were granted, and the matter was "[r]emanded to court of appeal for briefing, argument and opinion." Bickham, 99-CC-3313 (La.2/4/00)
[3] The first trial flight of plaintiffs consisted of James Baham, Freddie Tyson, Walter Robinson, Leonard Walters, and John I. Pittman.
[4] The basis of plaintiffs' motion for a new trial is alleged newly discovered evidence obtained as a result of testing conducted by the plaintiffs after the jury verdict. The testing, a quantitative fiber analysis for asbestos, was of lung tissue taken from one of the plaintiffs, Mr. Walters, who died shortly prior to trial. Plaintiffs claim they were prejudiced by the defendants' delay in returning the tissue to them during trial and the trial court's ruling that no further testing would be allowed. According to plaintiffs, defendants' delay and the trial court's ruling disallowing further testing precluded them from discovering this new evidence and using it in their case on rebuttal. They maintain they were prejudiced by this preclusion because the results from the testing would have established that the late Mr. Walters' lung cancer had been caused by the asbestos exposure.